IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. _____

_____
                                             )
ANGUS TOPFER,                     )
                                             )
        Plaintiff,               )
                                             )
  vs.                                  )
                                             )
NORTHWESTERN MUTUAL LIFE  )
INSURANCE COMPANY; INTERRA   )
INTERNATIONAL, LLC; and INTERRA )
INTERNATIONAL, LLC LONG TERM  )
DISABILITY INSURANCE PLAN,     )
                                             )
        Defendants.          )
_____ )

**COMPLAINT**

PRELIMINARY STATEMENT[1]

Angus Topfer ("Plaintiff") brings this ERISA action against Northwestern Mutual Life Insurance Company ("Northwestern"), Interra International, LLC ("Interra"), and Interra International, LLC Long Term Disability Insurance Plan (the "Plan") (collectively, "Defendants"), to secure long-term disability and other benefits to which Plaintiff is entitled under the Plan and to recover damages for Interra's failure to provide Plaintiff Plan documents as required by ERISA. Plaintiff is covered under the policy by virtue of his employment with Interra, the sponsor of the Plan.

---

[1] This Preliminary Statement gives a synopsis of Plaintiff's claims and is not intended as an allegation to be answered by Defendants.

## PARTIES

1. Plaintiff is a citizen and resident of North Carolina.

2. Defendant Northwestern is a properly organized business entity doing business in the state of North Carolina.

3. Defendant Interra is a Georgia limited liability company doing business in the state of North Carolina.

4. The Plan is an employee welfare benefit plan organized and subject to the Employee Retirement Income Security Act ("ERISA"), ERISA, 29 U.S.C. Section 1001, *et. seq.* and the regulations promulgated thereunder. At all times pertinent to this action, Interra sponsored and maintained the Plan. Interra is the plan administrator for the Plan under ERISA because it is named as the plan administrator in the Plan or, alternatively, it is the employer sponsoring the Plan and therefore is the default plan administrator under ERISA § 3(16), 29 U.S.C. § 1002(16).

## JURISDICTION AND VENUE

5. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. § 1331, in that the claim arises under the laws of the United States. Specifically, Plaintiff brings this action to enforce his rights under ERISA, as allowed by ERISA § 502, 29 U.S.C. § 1132.

6. Venue in this District is appropriate by virtue of Defendants doing business and being found in this District.

## FACTUAL ALLEGATIONS

7. At all times relevant to this action, Plaintiff has been a covered beneficiary under the Plan by virtue of his employment with Interra.

8. The Plan offers long term disability ("LTD") benefits.

9. Under the terms of the Plan, Defendant Northwestern administers the Plan and has authority to grant or deny benefits.

10. Defendant Northwestern has a fiduciary obligation to Plaintiff to administer the Plan fairly, and to determine benefits according to the terms of the Plan and ERISA.

11. Plaintiff is a 39-year old man who worked for Interra as a Senior Sales Manager until on or about December 21, 2017. On that date, Plaintiff's impairments became so severe that he could no longer work, and he was forced to leave his active employment.

12. Plaintiff suffers from fibromyalgia; chronic fatigue; muscle stiffness; joint stiffness; muscle pain; nerve pain; stiffness in his head, neck, throat, shoulder, thoracic and lumbar spine; poor sleep quality; sensitivity to cold; and gastrointestinal issues. He is not able to sit for long periods of time. Because of his physical conditions, Plaintiff is unable to get adequate rest, and he is often unable to think clearly or concentrate on more complex matters. As a result of sickness and injury, Plaintiff's disabling conditions prevent him from performing with reasonable continuity the material duties of his own occupation.

13. Plaintiff applied to Defendant Northwestern and the Plan for LTD benefits and submitted medical information showing that he is totally disabled. Plaintiff was awarded short-term disability benefits and long-term disability benefits.

14. However, after it granted Plaintiff's claim for long-term disability benefits for two years, Defendant Northwestern then denied Plaintiff's claim for LTD benefits beyond March 21, 2020.

15. Plaintiff pursued his administrative remedies set forth in the Plan by requesting an administrative review of Defendant Northwestern's denial of benefits. He submitted additional information to show that he is totally disabled.

16. Defendant Northwestern denied Plaintiff's appeal of his claim for LTD benefits. To the extent required under law, Plaintiff exhausted his administrative remedies, and his claim is ripe for judicial review pursuant to ERISA § 502, 29 U.S.C. § 1132.

17. Defendants Northwestern and Plan have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff is totally disabled in that he is unable perform with reasonable continuity the material duties of his own occupation.

    b. Defendant Northwestern failed to accord proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled; and

    c. Defendant Plan has violated its contractual obligation to furnish LTD benefits to Plaintiff.

18. Plaintiff requested Plan documents from Defendant Interra in writing on March 3, 2020.

19. Defendant Interra received Plaintiff's request on March 12, 2020.

20. Plaintiff is entitled to the requested documents under ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and Defendant Interra, as plan administrator, is required to furnish such documents to Plaintiff within 30 days of receiving Plaintiff's request for Plan documents.

21. Defendant Interra has failed and refused to provide Plaintiff with the requested Plan documents.

22. Defendant Interra has not provided Plaintiff with any reasons for its failure and refusal to provide the requested Plan documents to which Plaintiff is entitled under ERISA.

23. Plaintiff has been harmed by Defendant Interra's failure to provide the requested Plan document in that, among other things, Plaintiff has not received all information to which he is entitled under ERISA and has had to prosecute his claim through the administrative process and litigation without such information.

## FIRST CLAIM FOR RELIEF:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 USC § 1132

24. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-23 above.

25. Defendants Northwestern and the Plan have wrongfully denied benefits to Plaintiff in violation of the Plan provisions and ERISA for the following reasons:

    a. Plaintiff has been wrongfully denied long-term disability benefits;

    b. Defendant Northwestern failed to accord proper weight to the evidence in the administrative record; and

    c. Defendant Plan has violated its contractual obligation to furnish long-term disability benefits to Plaintiff.

## SECOND CLAIM FOR RELIEF:
## STATUTORY DAMAGES FOR FAILURE TO PRODUCE DOCUMENTS
## REQUIRED BY ERISA §§ 104 and 502, 29 U.S.C. §§ 1024 and 1132

26. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-25 above.

27. Defendant Interra has failed and refused to provide Plaintiff with documents that he requested and to which he is entitled under ERISA § 104(b)(4), 29 USC § 1024(b)(4).

28. Plaintiff is entitled to recover statutory damages from Defendant Interra, calculated at the rate of $110 per day, from thirty days after the date Defendant Interra received Plaintiff's request for the documents, and continuing until the date the correct documents are

produced, pursuant to ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4) and ERISA § 502(c)(1), 29 U.S.C. § 1132(c)(1).

### THIRD CLAIM FOR RELIEF: ATTORNEY'S FEES UNDER ERISA § 502, 29 USC § 1132

29. Plaintiff reincorporates and realleges the allegations contained at paragraphs 1-28 above.

30. Plaintiff is entitled to his attorney's fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays that the Court:

1. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to LTD benefits under the terms of the Plan, and that Defendants be ordered to pay LTD benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the maximum age for which benefits are provided under the Plan;

2. Grant Plaintiff injunctive and declaratory relief providing that he is entitled to any other associated or related benefits sponsored or maintained by Defendants for which Plaintiff qualifies as a result of his disability;

3. Grant Plaintiff declaratory and injunctive relief, finding that he is entitled to statutory damages for Defendant Interra's failure and refusal to provide Plan documents, as required by ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), and order Defendant Interra to provide such documents to Plaintiff and to pay Plaintiff $110 per day per document from 30 days after Defendant Interra received Plaintiff's Plan document request until Defendant Interra provides such documents to Plaintiff;

4. Enter an order awarding Plaintiff all reasonable attorneys' fees and expenses incurred as a result of Defendants' Plan's and Northwestern's wrongful denial in providing benefits to Plaintiff and Defendant Interra's refusal to provide Plaintiff Plan documents;

5. Enter an order awarding Plaintiff pre-judgment interest and, to the extent applicable, post-judgment interest; and

6. Enter an award for such other and further relief as may be just and appropriate.

Dated this 1st day of December 2020.

Respectfully Submitted,

*/s/ Bryan L. Tyson*___
*/s/ Hannah Auckland*
Bryan L. Tyson (N.C. Bar. No. 32182)
Hannah Auckland (N.C. Bar. No. 35953)
Marcellino & Tyson, PLLC
2820 Selwyn Ave. Ste 350
Charlotte, North Carolina 28209
Telephone: 704.919.1519
Fax: 980.219.7025
bryan@yourncattorney.com
hauckland@yourncattorney.com

**Attorneys for Plaintiff Angus Topfer**